KELLAN S. PATTERSON, ESQ. SB No. 307190
**Law Office of Kellan Patterson**
770 L Street, Suite 950
Sacramento, CA 95814
P: (916) 905-4464
F: (916) 721-2742
E: info@kellanpatterson.com

Attorney for Plaintiff SHAFAK PERVEZ

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAFAK PERVEZ, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>XAVIER BACERRA, in his official capacity, BRENT E. ORICK, in his official capacity, CALIFORNIA DEPARTMENT OF JUSTICE<br><br>   Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT FOR DAMAGES AND PROSPECTIVE RELIEF:**<br><br>1. **42 U.S.C. § 1983 (Violation of Second Amendment Right)**<br><br>2. **42 U.S.C. § 1982 (Violation of Fourteenth Amendment Right to Due Process)**<br><br>3. **Write of Mandate or Other Appropriate Relief**<br><br>4. **Injunctive Relief** |

## INTRODUCTION

1.     This case arises out of the California Department of Justice erroneous reporting to the National Instant Criminal Background Check ("NCIS") that Plaintiff, SHAFAK PERVEZ, was adjudicated as a mental defective or who has been committed to a mental institution. Such inadequate reporting caused Ms. Pervez to be denied the right to purchase a firearm. Furthermore, Ms. Pervez patiently attempted to work with the California Department of Justice, Bureau of Firearms, Mental Health Unit, and was given the run around for nearly fourteen (14) months.

Unfortunately, the California Department of Justice displayed a casual and nonchalant attitude about being the cause of wrongly denying a law-abiding citizen their Second Amendment right.

## JURISDICTION

2.     This action arises under a federal statute, 42 U.S.C. §§ 1983 and 1988. Plaintiff, Shafak Pervez is a resident of the City of North Las Vegas, Nevada. Plaintiff is informed and believes and thereon alleges that at the time the California Department of Justice reported a Welfare & Institution Code §5250 determination on Ms. Pervez to NCIS, Ms. Pervez was a resident of Sacramento County, California. The named defendant's principal office is located in Sacramento County, California. Furthermore, the California Department of Justice, Bureau of Firearms, Mental Health Unit, the department responsible for reporting §5250 determinations to the NCIS, is located in Sacramento County, California.

## VENUE

3.     Venue is proper in the Eastern District because a substantial part of the events or omissions giving rise to the claim occurred in the District. Although the denial of Ms. Pervez manifested itself in Nevada, the injury sustained is felt nationwide. Furthermore, most relevant medical records, witnesses and other probative evidence is located in Sacramento County, California.

## PARTIES

4.     Plaintiff SHAFAK PERVEZ, a woman, lives in North Las Vegas, Nevada. At the time plaintiff was received a Welfare & Institution Code § 5250 hold, plaintiff was a resident of Sacramento County, California.

5.     Defendant XAVIER BECERRA, is the elected Attorney General for the State of California. He oversees and is responsible for all employees working for the California Department of Justice.

6.     Defendant BRENT E. ORICK, is the acting Chief of the Department of Justice Bureau of Firearms. Plaintiff is informed and believes, and thereon alleges that Orick is responsible for various operations of the Bureau of Firearms including the Mental Health Unit which is responsible for intaking information regarding sections 5150 and 5250 holds, then relating

VERIFIED COMPLAINT FOR DAMAGES AND PROSPECTIVE RELIEF

pertinent information to related federal/national databases such as the NCIS.

7. The California Department of Justice (DOJ) is a state agency charged with the responsibility of enforcing state statutes and promulgating and enforcing rules and regulations authorized by and designed to effectuate the law related to the registration and prohibition of firearms.

## OVERVIEW OF THE RELEVANT STATUTORY SCHEME

8. The Lanterman-Petris-Short Act ("Act") (Cal. Wel & Inst. Code §§ 5000 et seq.) was signed into law in 1967. The Act concerns the involuntary civil commitment to a mental health institution in the State of California. The Act cited seven articles of intent: (1) to end inappropriate, indefinite, and involuntary commitment of mentally disordered persons, people with developmental disabilities, and persons impaired by chronic alcoholism, and to eliminate legal disabilities; (2) To provide prompt evaluation and treatment of persons with serious mental disorders or impaired by chronic alcoholism; (3) To guarantee and protect public safety; (4) **To safeguard individual rights through judicial review;** (5) to provide individualized treatment, supervision, and placement services by a conservatorship program for gravely disabled persons; (6) To encourage the full use of all existing agencies, professional personnel and public funds to accomplish these objectives and to prevent duplication of services and unnecessary expenditures; and (7) To protect mentally disordered persons and developmentally disabled persons from criminal acts.

9. It is described in section 5150 that an involuntary 72-hour hold in a psychiatric facility, for evaluation can occur when a person because of a mental health disorder, is a danger to others, or to herself, or is gravely disabled. In making a determination on whether to commit someone to an involuntary 72-hour hold, a peace officer, professional person in charge of a facility designated by the county for evaluation and treatment, member of the attending staff, as defined by regulation, of a facility designated by the county for evaluation and treatment, designated members of a mobile crisis team, or professional person designated by the county may, **upon probable cause**, take, or cause to be taken, the person into custody.

10. Subsections (i)(1) of section 5150 requires a committed person to be notified of the right

VERIFIED COMPLAINT FOR DAMAGES AND PROSPECTIVE RELIEF

to an attorney and a hearing before a judge if the facility attempts to hold such committed individual longer than 72-hours.

11. Section 8103(f)(1) of California Wel. & Inst. Code, provides that any person who has been taken into custody as provided by section 5150 because that person is a danger to herself or others shall not own, possess, control, receive, or purchase, or attempt to own, possess, control, receive, or purchase any firearm for **a period of five (5) years** after the person is released from the facility. However, a person (as described in the sentence above) may own, possess, control, receive or purchase a gun if the superior court has found that the people of the State of California have not shown by a preponderance of the evidence that the person would not be likely to use firearms in a safe and lawful manner. During the fiver year band, an individual may request a hearing in the superior court to request her band on gun ownership and possession be lifted.

12. In sum, section 5150 allows a government official and/or a medical professional to hold an individual up to 72-hours without providing that individual an opportunity to be heard. In other words, no due process is provided to an individual until the 72-hour threshold is met. Thus, in order to justify the taking away of a citizens constitutional rights to own a gun if they only been committed for 72-hours or less, a hearing must be provided--hence section 8103 subdivision (f)(1).

13. Section 5250 of Cal. Wel & Inst. Code provides that a person may be detained for up to fourteen (14) more days if the individuals received an evaluation and it was found that the individual's condition, as a result of a mental health disorder, or impairment by chronic alcoholism was a danger to herself or others or was gravely disabled. Section 5251 provides that the individual condition must be certified by two medical professional, one of those medical professionals must be a physician or psychologist who participated in the evaluation. Section 5254 provides that after being certified and being notified of the certification, the person delivering the notice of certification must also informed the person certified that she is **entitled to a certification review hearing, to be held within four days of the date on which the person is certified for a period of intensive treatment to determine whether or not probable cause exists to detain the person for intensive treatment related to the mental disorder or**

1  **impairment by chronic alcoholism.** Additionally, section 5254.1 provides that the person delivering the copy of the notice of certification to the person certified shall, at the time of delivery, inform the person certified of her **legal right to a judicial review by habeas corpus and the right to a court-appointed counsel.**

14. Although subsection (g)(1) of section 8103 provides only a five year band in a person has been certified for intensive treatment under Section 5250, because of the procedural safeguards, a person that is certified under section 5250 finds themselves subject to section 922(g)(4) of the United States Code. That section provides a lifetime band of firearm possession and ownership.

## FACTS COMMON TO ALL CLAIMS

15. Ms. Shafak Pervez is a law abiding citizen who currently lives in North Las Vegas, Nevada.

16. She was born in 1978 in was raised in Sacramento County, California.

17. In 2000, she suffered from depression and willing received treatment in local hospital in Sacramento, County.

18. Ms. Pervez never turned down treatment provided to her by medical professionals.

19. During her treatment, she never received any noticed that she was being certified by a medical professional under section 5250 of the California Welfare and Institution Code.

20. Ms. Pervez never received any notice of a right to a probable cause hearing as provided by section 5254 of the California Welfare and Institutions Code.

21. Ms. Pervez never received any notice of a right to petition the court for habeas corpus relief as provided by section 5254.1 of the California Welfare and Institutions Code.

22. Ms. Pervez successfully completed all treatment and has been a productive law abiding citizen since receiving treatment in medical facilities in Sacramento County, California.

23. In 2017, Ms. Pervez attempted to purchase a firearm in the state of Nevada.

24. Her purchase remained pending until a background check was completed.

25. Ms. Pervez received a letter dated July 25, 2017 from the Records, Communications and Compliance Division, Point of Contact Firearms Program.

26. The letter provided that Ms. Pervez's purchase of a firearm was denied under the Brady

1  Handgun Violence Prevention Act of 1993 because she was adjudicated as mentally defective or
2  involuntarily committed to a mental institution as provided by Title 18, USC 922 (g)(4). The
3  letter informed her that the such disqualifying information originated from the California
4  Department of Justice, Bureau of Criminal Identification & Information, Records Management
5  Unit/Brady Bill.

6  27.  Ms. Pervez promptly appealed the decision to the National Instant Check System (NICS).

7  28.  On August 1, 2017, Ms. Pervez also sent a letter to the California Department of Justice,
8  Bureau of Criminal Identification and Information, Records Management Unit/Brady Bill. The
9  letter asked the department to provide her records for her review.

10 29.  On or about August 8, 2017, Ms. Pervez received a letter from the United States
11 Department of Justice. The letter provided that her NICS appeal was denied. The letter provided
12 that the reason for her denial was because she was subject to Title 18, United States Code, Section
13 922(g)(4).

14 30.  After not receiving any response from the California Department of Justice, Ms. Pervez
15 followed-up with another letter to the department asking to review her records. This letter was
16 mailed off to the California Department of Justice on or about August 16, 2017.

17 31.  After submitting the requisite information to the California Department of Justice, Bureau
18 of Criminal Information and Analysis, Ms. Pervez received a letter from the Record Review and
19 Challenge Branch on or about September 22, 2017. The letter provided that the reviewing unit
20 performed a California criminal history records review and did not identify any criminal history
21 record.

22 32.  After receiving this inadequate response from the Department of Justice, Ms. Pervez
23 attempted to use the court system to clear her records.

24 33.  On October 16, 2017, Ms. Pervez filed with the Sacramento County Superior Court a
25 request for a hearing under section 8103(f)(1) of the Cal. Wel. & Inst. Code. Ms. Julie Hanneman,
26 who is a deputy attorney general for the California Department of Justice was notified of the
27 hearing by mail.

28 34.  On December 8, 2018, a hearing was scheduled. Present at the hearing was Kellan

1  Patterson, attorney for Ms. Pervez and Sacramento County Deputy District Attorney Ms. Dina
2  Cataldo. Ms. Julie Hanneman was not present.

3  35.  At the December 8, 2018 hearing, it was agreed upon by both counsel and the court to
4  remove the hearing from court's calendar to it was determined whether Ms. Pervez had a 5250
5  hold.

6  36.  At the time of the December 8, 2018 Ms. Pervez's medical records did not show a 5150 or
7  5250 hold within the five year time frame. Thus a section 8103(f)(1) hearing would not be the
8  appropriate mechanism to contest a firearm prohibition.

9  37.  Given the court could not act on Ms. Pervez's request for relief, and that her medical
10 records were silent as to a 5250 hold, Ms. Pervez, through counsel, wrote a letter to the California
11 Department of Justice, Bureau of Firearms on December 8, 2017, and requested specifically if she
12 can review her records to determine whether a 5250 hold or flag has been placed on her records.

13 38.  Ms. Pervez received absolutely no response from this letter.

14 39.  Ms. Pervez then wrote a letter to Ms. Hanneman on November 3, 2017, through counsel,
15 asking her to look into Ms. Pervez's records to determine whether she has a 5250 hold or flag on
16 her records.

17 40.  Ms. Hanneman never replied to this letter.

18 41.  After several attempts via telephone were made by Ms. Pervez's counsel to get in contact
19 with anyone that could assist with revealing whether Ms. Pervez was subject to a 5250 hold, and
20 if so, what medical facility or professional reported a 5250 certification on Ms. Pervez, Ms.
21 Pervez's counsel was provided with an email address to forward all communications to regarding
22 contesting and reviewing Ms. Pervez prohibition of firearm status.

23 42.  On June 18, 2018, through counsel, Ms. Pervez submitted correspondence to mhrs-
24 support@doj.ca.gov.

25 43.  The correspondence included a letter explaining the problem that Ms. Pervez was dealing
26 with concerning her inability to purchase a firearm because of record submitted by the DOJ to
27 NICS. The letter also included a list of Ms. Pervez's medical providers, which could have been
28 useful for DOJ investigation into the matter, a signed authorization form by Ms. Pervez, personal

information including her date of birth, social security number and last home address in Sacramento County and copies of letters that Ms. Pervez sent, through counsel, to all medical professionals who treated Ms. Pervez back in 2000 and 2001 for depression.

44. DOJ provided absolutely no response.

45. Ms. Pervez's counsel followed-up with another email on July 2, 2018 and inquired about the status of their investigation.

46. On July 3, 2018, an unknown sender requested oddly requested information about Ms. Pervez's name and date of birth. Such information was provided to the same email address a little over two weeks prior.

47. On July 3, 2018, the name and date of birth was provided to the email address.

48. Ms. Pervez received no update or status report.

49. On July 9, 2018, Ms. Pervez's counsel again requested a status update.

50. On July 10, 2018, an unknown sender responded "We are still in the process of working on the NICS appeal. These types of appeals can take some time due to us having to wait on receiving the information from the mental health facility. Thank you for your patience. As soon as the NICS appeal is completed, we will let you know."

51. On August 6, 2010, Ms. Pervez counsel request another status update. Specifically, Mr. Patterson inquired about if the unit had received any medical records and was willing to assist the unit in obtaining those medical records. Additionally, Mr. Patterson provided that he could assist with the NICS appeal. Mr. Patterson further inquired in he could obtain some time frame as to how long the NICS appeal process usually takes.

52. No response was given to Ms. Pervez's counsel August 6, 2010 email.

53. On August 30, 2018, Mr. Patterson received an email from the MHRS-Support stating that Ms. Pervez would have to submit a hard card of her fingerprints to obtain a copy of her mental health records.

54. A fingerprint card was mailed off to Mr. Patterson's office.

55. The fingerprint card was completed by Ms. Pervez and mailed to the address provided by MHRS-Support August 30, 2018 email.

VERIFIED COMPLAINT FOR DAMAGES AND PROSPECTIVE RELIEF

56. On September 25, 2018, Mr. Patterson replied to MHRS-Support August 30, 2018 email requesting the unit to mail the mental health records to his office.

57. On September 26, 2018, MHRS-Support replied to Mr. Patterson email and stated "Unfortunately, we do not handle the record reviews in this unit. Please contact them at 916-227-3835 or 916-227-7527. You can also send them and email by using the following link. [sic] https://oag.ca.gov/firearms/contact."

58. Upon receiving the email, Mr. Patterson called the numbers provided. The phone numbers are essentially an automated system that provides information and is difficult to reach a real person.

59. Ms. Pervez is unaware if a NICS appeal was ever submitted to correct DOJ's mistake.

60. Ms. Pervez is aware that her fingerprint card is being processed. However, such information, if ever provided to Ms. Pervez, doesn't absolve the fact that Ms. Pervez was never provided certified under section 5250, and never received any due process regarding such erroneous certification.

**FIRST CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983: Under the Second Amendment of the United States Constitution.**
(Brought by SHAFAK PERVEX against Defendants, BACERRA, ORICK in their official capacities and the California Department of Justice

61. Plaintiff re-alleges and incorporate by reference paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62. BACERRA, ORRICK and the CALIFORNIA DEPARTMENT OF JUSTICE, acting under color of state law, improperly, unjustifiably and erroneously reported to the NICS that Ms. Pervez was adjudicated as mentally defected or has been committed to a mental institution.

63. The improper, unjustifiable and erroneous reporting to the NICS resulted in Ms. Pervez being denied the right to possess, purchase and own a firearm.

64. The improper, unjustifiable and erroneous reporting cause Ms. Pervez to suffer the inability to exercise her Second Amendment right.

65. Ms. Pervez brings claims for prospective relief. Specifically, Ms. Pervez request that the Department of Justice through its sub-bureaus and units, update and erase any record indicating

that Ms. Pervez was adjudicated as mentally defective or was committed to a mental institution so that Ms. Pervez right to purchase, own and possess firearms is restored.

66. The improper, unjustifiable and erroneous reporting causing the constitutional deprivation to Ms. Pervez, legally, proximately, foreseeably and actually caused Plaintiff to suffer a lost. Plaintiff is entitled to attorney fees and cots of suit herein pursuant to Title 42, section 1983, et seq. of the United States Code.

WHEREFORE, Plaintiff seeks relief as set forth below.

## SECOND CAUSE OF ACTION
**Violation of 42 U.S.C. § 1983: Under the Fourteenth Amendment of the United States Constitution**
(Against BACERRA, ORICK in their official capacities and the Californian Department of Justice)

67. Plaintiff re-alleges and incorporate by reference herein paragraph 1 through 66 of this complaint as though fully set forth herein.

68. Defendants, acting under color of state law, and without due process of law, deprived Plaintiff of her right to a hearing or judicial review prior to reporting to NICS that she adjudicated as mentally defected or had been committed to a mental institution causing her to be deprived of her Second Amendment right to own, possess and purchase a firearm.

WHEREFORE, Plaintiff seeks relief as set forth below.

## THIRD CAUSE OF ACTION
**Writ of Mandate of Other Appropriate Relief**
(Against All Defendants)

69. Plaintiff re-allege and incorporate by reference herein paragraph 1 through 68 of this complaint as though full set forth herein.

70. DOJ, BACERRA and ORICK have a clear, present, and ministerial duty to protect the constitutional rights of United State citizens within their jurisdictional reach. Defendants have a clear, present and ministerial duty to maintain accurate and complete criminal and mental health records. Defendants have a clear, present, and ministerial duty to investigate alleged or suspected inaccurate records. Defendants have a clear, present, and ministerial duty to immediately update any record that is found to be incorrect, erroneous or lacks substantial information to support its existence.

71. Plaintiff has a clear and present beneficial right to that performance of that duty mentioned in the above paragraph as Plaintiff's Second Amendment right depends on that duty.

72. There is no plain, speedy, and adequate alternative remedy that exists. Precisely, Plaintiff has been erroneously denied the right to purchase, possess or own a firearm for the last fourteen months.

WHEREFORE, Plaintiff seeks mandamus writ relief, as set forth below.

## FOURTH CAUSE OF ACTION
### Injunctive Relief
(Against All Defendants)

73. Plaintiff incorporates paragraphs 1 through 72 of this complaint as if fully set forth herein.

74. Plaintiff seeks injunctive relief in Plaintiff's favor, against Defendants, and each of them, prohibiting all Defendant and their agents from maintain, reporting or sharing information with other local, state or federal agency that defendant has been adjudicated as mentally defective or has been committed to a mental institution or has been subjected to a section 5250 Wel. & Inst. Code hold, determination or certification until (and if) requisite information is provided to the state under section 5250 et seq. and Plaintiff has an opportunity to be heard.

75. Temporary and permanent injunctive relief are therefore necessary and proper, as Plaintiff has been and will continue to be irreparably injured without such injunctive relief, and that balance of harms weight heavily in Plaintiff's favor – particularly as Defendants' failure and refusal to provide Plaintiff with any information as to why DOJ submitted a record to NICS disqualifying Plaintiff from purchasing a firearm.

WHEREFORE, Plaintiff seeks injunctive relief as set forth below.

## PRAYER FOR RELIEF

1. For judgment in Plaintiff's favor, against Defendants, that Defendants' actions and omission in connection with the "erroneous reporting" have prevented and is continuing to prevent Plaintiff from exercising her Second Amendment right to own, possess and purchase firearms.

2. For the judgment in Plaintiff's favor, against Defendants, and the Court's issuance of a

1. write of mandate, or other appropriate relief, commanding Defendants, and each of them, and other acting pursuant to their authority or control, to erase, amend and/or remove all records indicating that Plaintiff was adjudicated as mentally defective or had been committed to a mental institution so that Plaintiff is able to purchase, own and posses firearms.

3. For Injunctive relief in Plaintiff's favor, against Defendants, and each of them, prohibiting all Defendants from reporting or maintaining any record that provides that Plaintiff was adjudicated as mentally defective or had been committed to a mental institution.

4. That Plaintiff be awarded her costs of suit incurred in this action, and costs including her attorneys; fees pursuant to 42 U.S.C. § 1988, California Code of Civil Procedure §§ 1021.5 and 1095; and any other applicable law.

5. For other such relief as this court may deem to be just and proper.

Date: October 16, 2018

/s/ Kellan S Patterson

Kellan S. Patterson
Attorney for SHAFAK PERVEZ

**VERIFICATION**

I hereby certify that the facts in these pleadings are true and correct and if called on to testify on the facts presented, I could and would. The any attachments to this complaint are true and correct copies of the documents they represent. I make these statements under penalty of perjury to the best of my knowledge and belief in North Las Vegas, Nevada.

By: _____
Shafak Pervez
Plaintiff