1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLAN S. PATTERSON, ESQ. SB No. 307190
**Law Office of Kellan Patterson**
770  L Street, Suite 950
Sacramento, CA  95814
P: (916) 905-4464
F: (916) 721-2742
E: info@kellanpatterson.com

Attorney for Plaintiff SHAFAK PERVEZ


**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**


SHAFAK PERVEZ, an individual,

        Plaintiff,

      v.

XAVIER BACERRA, in his official
capacity, BRENT E. ORICK, in his official
capacity, CALIFORNIA DEPARTMENT
OF JUSTICE, COUNTY OF
SARAMENTO

        Defendants.

Case No.: 2:18-cv-02793-KJM-KJN

**STIPULATION FOR PROTECTIVE
ORDER AND ORDER THEREON**

**Honorable Kimberly J. Mueller**


      IT IS HEREBY AGREED AND STIPULATED BETWEEN THE PLAINTIFF, AND
DEFENDANTS XAVIER BACERRA, BRENT E. ORICK, CALIFORNIA DEPARTMENT OF
JUSTICE  and COUNTY OF SACRAMENTO (hereinafter collectively referred to as "the
Parties"), that all documents produced in this case pursuant to <u>Fed. Rules Civ. Proc., rules 26, 30,
34 & 45</u> shall be governed by this protective order.

      Absent a separate agreement between the Parties, in writing, all documents produced in this
case shall be used by the Parties solely for the purpose of prosecuting and defending the above-
captioned case. The documents shall not be duplicated, reproduced, transmitted, or communicated
to any person for any reason other than counsel; clients; experts retained for the purpose of
furthering the defense of or prosecution of the Plaintiff's case; deposition and trial witnesses;

1

mediator or third party neutral; or the Court. The copying of produced documents is to be conducted in-house and shall not be done by outside third party vendors.

All copies of protected documents distributed by counsel to any Party for purpose of prosecuting or defending the litigation shall be returned to counsel at the conclusion of the litigation and counsel shall store and ultimately destroy the documents consistent with individual firm policy.

Nothing in this agreement shall be interpreted to limit Plaintiff's ability to obtain and disseminate documents procured outside this litigation, including, but not limited to, documents obtained pursuant to a request under the California Public Records Act (Gov. Code § 6250 *et. seq.*).

This Order shall constitute a protective order pursuant to Fed. Rules Civ. Proc., rule 26(c) and shall be enforceable as set forth therein.

The above is stipulated to by the respective counsel for the parties as follows:

Dated: June 11, 2019            LAW OFFICE OF KELLAN PATTERSON

                                    */s/ Kellan Patterson*
By:_____
                                KELLAN STEVEN PATTERSON
                                Attorney for Plaintiff
                                SHAFAK PERVEZ

Dated: May 30, 2019                   XAVIER BECERRA
                                Attorney General of California

                                /S/ *William McMahon*
                                WILLIAM J. MCMAHON
                                Deputy Attorney General
                                *Attorneys for Defendants Becerra,*
                                *Orick and California Dept. of Justice*

Dated: May 30, 2019

                                RIVERA & ASSOCIATES

                                /s/ Shanan Hewitt      ,
                                SHANAN HEWITT
                                Attorneys for Defendant
                                COUNTY OF SACRAMENTO

## ORDER

IT IS SO ORDERED, with the following amendments and clarifications:

1.     The parties shall comply with the provisions and procedures of Local Rules 140 and 141 with respect to sealing or redaction requests.  To the extent that the parties' stipulation conflicts with the Local Rules, the Local Rules shall govern.

2.     Prior to filing any motion related to this stipulated protective order or other discovery motion, the parties shall first exhaust informal meet-and-confer efforts and otherwise comply with Local Rule 251.

3.     Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

4.     Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

Dated:  June 11, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE