UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAFAK PERVEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>XAVIER BECERRA, in his official capacity; BRENT E. ORICK, in his official capacity; CALIFORNIA DEPARTMENT OF JUSTICE; COUNTY OF SACRAMENTO,<br><br>　　　　　Defendants. | No. 2:18-cv-02793-KJM-KJN<br><br>ORDER |

   Plaintiff Shafak Pervez brings this action based on 42 U.S.C. § 1983 against defendants Xavier Becerra, in his official capacity as the Attorney General of California, Brent E. Orick, in his official capacity as the acting Chief of the California Department of Justice Bureau of Firearms, the California Department of Justice ("DOJ") and Sacramento County. Plaintiff alleges the DOJ erroneously reported to the National Instant Criminal Background Check System ("NICS") that plaintiff was adjudicated mentally defective or committed to a mental institution under California Welfare & Institutions Code section 5250, thus subjecting her to a lifetime firearm ban. First Am. Compl. ("FAC") ¶ 1, ECF No. 5. Defendants Becerra, Orick and the DOJ (collectively, "state defendants") move to dismiss plaintiff's First Amended Complaint under

1

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot., ECF No. 12, at 1. The court held a hearing on the matter on April 19, 2019. As explained below, the court GRANTS the motion.

I. BACKGROUND

    A. The Relevant Statutory Scheme

The California Lanterman-Petris-Short Act, Cal. Welf. & Inst. Code § 5000 *et seq.*, established a statutory scheme providing for the involuntary civil commitment of people with mental health disorders. *See id.* § 5001. Section 5150 provides for a person, upon a finding of probable cause, to be placed in an involuntary seventy-two-hour hold in a psychiatric facility for evaluation and treatment when that person is determined to be a danger to herself or others, or is gravely disabled, because of a mental health disorder. *Id.* § 5150. Under section 5250(a), a person detained for seventy-two hours under section 5150 may be detained for up to fourteen additional days if the staff of the facility evaluates the person's condition and finds the person "is, as a result of a mental disorder . . ., a danger to others, or to himself or herself, or gravely disabled." Section 5150(i)(1) requires the treating facility to notify the committed person of the right to an attorney and a hearing before a judge if the facility decides to hold the committed person longer than seventy-two hours.

California Welfare & Institutions Code section 8103(g)(1) bars a person certified for intensive treatment under section 5250 from owning, possessing, controlling, receiving or purchasing, or attempting to own, possess, control, receive or purchase, any firearm for five years after the person's release from a mental health facility. A person committed under section 5250, however, may request a hearing to lift the prohibition, and may own, possess, control, receive or purchase any firearm if a court finds the State of California has not shown by a preponderance of the evidence that the person would not be likely to use firearms in a safe and lawful manner. *Id.* § 8103(g)(1), (4). Although section 8103 on its face provides for only a five-year firearm prohibition on persons subject to a section 5250 hold, it creates in effect a lifetime firearm prohibition under federal law because of section 5250's procedural safeguards and DOJ reporting requirements. *See* 18 U.S.C. § 922(g)(4) (imposing a lifetime firearm ban on any person "who has been adjudicated as a mental defective" or "committed to a mental institution").

2

B. <u>Factual Allegations</u>

Plaintiff alleges that in 2000 she voluntarily checked herself into a hospital in Sacramento County, California, to receive treatment for depression. FAC ¶ 18, ECF No. 5. On September 29, 2000, after plaintiff's admission to the hospital, the Sacramento County Mental Health Treatment Center informed the DOJ it had placed a California Welfare & Institutions Code section 5250 hold on plaintiff. *Id.* ¶ 62.

According to her amended complaint, plaintiff never received notice of the section 5250 hold, never turned down any treatment, completed her treatment without incident, and went on to be a productive, law-abiding citizen. *Id.* ¶¶ 19–23. Plaintiff also alleges she never received notice of her rights to a probable cause hearing and to petition a court for habeas corpus relief, in violation of California law. *Id.* ¶¶ 21–22.

In 2017, plaintiff attempted to purchase a firearm in Nevada and failed a firearms background check. *Id.* ¶¶ 24–27. Plaintiff later received a letter from the Records, Communications and Compliance Division of the Nevada Department of Public Safety informing her she was prohibited from purchasing a firearm under 18 U.S.C. § 922(g)(4) because she had been adjudicated mentally defective or involuntarily committed to a mental institution. *Id.* ¶¶ 26–27. Plaintiff claims the disqualifying information originated with the DOJ. *Id.* ¶ 27.

Plaintiff filed a NICS appeal, which was denied by the U.S. Department of Justice, then requested information from the DOJ regarding the reasons for her disqualification from purchasing a firearm and whether she had a section 5250 hold in her records. *Id.* ¶¶ 28–62. After plaintiff filed this action, she alleges the DOJ provided her with records showing the Sacramento County Mental Health Treatment Center reported the section 5250 hold to the DOJ. *Id.* ¶ 62. Plaintiff alleges she then requested the relevant medical records from the Sacramento County Mental Health Treatment Center, but the Center informed her it had purged her mental health records in 2010. *Id.* ¶¶ 63–64.

C. <u>Procedural History</u>

Plaintiff filed this action on October 17, 2018, against defendants Becerra and Orick in their official capacities, and against the DOJ and Sacramento County. ECF No. 1. On

November 14, 2018, plaintiff filed the operative First Amended Complaint, asserting violations of her Second and Fourteenth Amendment rights under 42 U.S.C. § 1983.  ECF No. 5.  Plaintiff seeks a writ of mandate ordering defendants to erase, amend or remove all records indicating plaintiff was adjudicated mentally defective or had been committed to a mental institution; she seeks injunctive relief prohibiting defendants from maintaining, reporting or sharing any record providing plaintiff has been adjudicated as mentally defective, committed to a mental institution, or subject to a section 5250 hold.  *Id.* at 13.  In addition to the above-listed relief, plaintiff seeks damages and an order mandating the DOJ and County defendants to create new policies and procedures to better maintain records relating to the reporting of a firearm prohibition and to efficiently and promptly respond to citizens' requests for information relating to records of a firearm prohibition stemming from a mental health facility or provider.  *Id.* at 1, 13.

Defendants Becerra, Orick and the DOJ moved to dismiss the First Amended Complaint on February 8, 2019.  ECF No. 12.  Plaintiff filed her opposition on February 22, 2019, ECF No. 16, and defendants filed their reply on April 12, 2019, ECF No. 18.

II. LEGAL STANDARD

A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a defending party may move for dismissal for lack of subject matter jurisdiction.  "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted).  A facial attack claims the "allegations contained in [the] complaint are insufficient on their face to invoke federal jurisdiction," whereas a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*  If there is ambiguity as to whether the attack is facial or factual, the court applies a facial analysis.  *See Wichansky v. Zoel Holding Co., Inc.*, 702 F. App'x 559, 560 (9th Cir. 2017) (district court erred in construing defendants' 12(b)(1) motion as factual, rather than facial, when ambiguity existed).

The court treats a jurisdictional "facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter

to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Accordingly, the court ordinarily "may not consider any material beyond the pleadings" when deciding the motion. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). The court may, however, consider extrinsic evidence under Federal Rule of Evidence 201 by taking judicial notice of "matters of public record." *Id.* at 688–89 (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

Here, the state defendants bring a facial attack, asserting the First Amended Complaint does not allege an actual case or controversy against them. Mot., ECF No. 12, at 9. Therefore, the court analyzes the motion as a facial challenge. *See Wichansky*, 702 F. App'x at 560; *see also BP Chems. Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 680 (8th Cir. 2002) (treating 12(b)(1) motion as facial when movant, although not explicitly asking, confined jurisdictional challenge to allegations in complaint only).

B. Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The motion may be granted only if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (internal quotations and citation omitted). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept its factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

III. DISCUSSION

The state defendants contend plaintiff filed this lawsuit "to improperly compel [the state] defendants to remove any record of her involuntary confinement" under California Welfare & Institutions Code section 5250. Mot. at 3. The state defendants assert the court should dismiss plaintiff's First Amended Complaint because they have no power to alter plaintiff's mental health

records or otherwise remove her federal firearm prohibition and thus cannot grant her the relief she seeks. Mot. at 3. The state defendants raise seven arguments for dismissal: (1) plaintiff has not exhausted her prescribed federal remedy for lifting her federal firearm prohibition, (2) plaintiff lacks Article III standing to sue the state defendants, (3) plaintiff's claims are barred by the Eleventh Amendment to the U.S. Constitution, (4) plaintiff's § 1983 claims are barred because the state defendants are not "persons" subject to suit, (5) plaintiff's § 1983 claims are not ripe for review because she has not shown the underlying actions were improper, (6) plaintiff's cause of action for a writ of mandate must be dismissed because federal mandamus is not available to compel state action, and (7) plaintiff's claim for injunctive relief fails because she has an adequate remedy under federal law she has failed to pursue. Mot. at 2. As explained below, the court reaches only the Eleventh Amendment argument.

A. <u>Eleventh Amendment Immunity</u>

The state defendants assert the Eleventh Amendment bars all of plaintiff's claims against them as a matter of law. Mot. at 10; Reply at 6. An Eleventh Amendment immunity defense may be raised in a motion under either Rule 12(b)(1) or Rule 12(b)(6). *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) ("Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit." (footnote omitted)).

The Eleventh Amendment prohibits federal courts from hearing suits by private citizens against a state or its agencies and departments, regardless of the nature of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment also immunizes state officials sued in their official capacity from suits for retrospective relief, including money damages. *Kentucky v. Graham*, 473 U.S. 159, 169–70 (1985). Further, § 1983 does not override Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), however, the Eleventh Amendment does not immunize state officials sued in their official capacity from claims for prospective relief, such as forward-looking injunctive relief. *Edelman v.*

1 | *Jordan*, 415 U.S. 651, 664 (1974); *Ex parte Young*, 209 U.S. at 159–60 (1908); *Wolfson v.*
2 | *Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010).

3 | Here, because the DOJ is a state agency, the Eleventh Amendment bars plaintiff
4 | from pursuing claims against it. Further, to the extent plaintiff seeks monetary relief against
5 | defendants Becerra and Orick in their official capacities, the Eleventh Amendment bars those
6 | claims as well. *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

7 | Plaintiff nevertheless contends her claims for prospective relief against defendants
8 | Becerra and Orick may proceed under the *Ex parte Young* exception. Opp'n, ECF No. 16, at 5.
9 | *Ex parte Young* provides a narrow exception to the Eleventh Amendment bar to suit when the
10 | "'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as
11 | prospective.'" *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (quoting
12 | *Verizon Md. Inc v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Additionally, for the
13 | exception to apply, the named state officer must have "some connection with the enforcement of
14 | the act" that "must be fairly direct; a generalized duty to enforce state law or general supervisory
15 | power over the persons responsible for enforcing the challenged provision" will not suffice.
16 | *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris* (*Quebec*), 729 F.3d 937, 943 (9th
17 | Cir. 2013) (internal quotation marks and citation omitted) (quoting *Coal. to Defend Affirmative*
18 | *Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012)). The state official's "connection must be
19 | determined under state law depending on whether and under what circumstances a particular
20 | defendant has a connection with the challenged state law." *Snoeck v. Brussa*, 153 F.3d 984, 986
21 | (9th Cir. 1998).

22 | Although plaintiff does seek prospective relief against the named state officials,
23 | the *Ex parte Young* exception does not apply to her claims here because those officials have no
24 | direct connection to the challenged state action at the heart of plaintiff's claims. Under
25 | section 5150, as noted above, "a peace officer, professional person in charge of a facility
26 | designated by the county for evaluation and treatment, member of the attending
27 | staff, . . . designated members of a mobile crisis team, or professional person designated by the
28 | county" may take a person into custody for "assessment, evaluation, and crisis intervention, or

7

placement for evaluation and treatment in a facility designated by the county" when they determine the person "is a danger to others, or to himself or herself, or gravely disabled." Cal. Welf. & Inst. Code § 5150(a). If the person is detained for seventy-two hours, the evaluation or treatment facility may place a section 5250 hold on the person. *Id.* § 5250(a). California law directs the State Department of Hospitals to make records of section 5250 determinations available to the DOJ. *Id.* § 8104. Upon submission of firearm purchaser information by licensed firearm dealers, the DOJ then examines the section 5250 records to determine if a person is subject to a state or federal firearm prohibition and forwards any negative determination to the federal background check system. Cal. Penal Code § 28220(a)–(b). In other words, under California law neither the Attorney General nor any other DOJ employee directs or controls the mental health facilities responsible for the imposition of a section 5250 hold in the first instance. Further, the role of the DOJ in this statutory system is purely administrative, without an enforcement function. *Cf. Quebec*, 729 F.3d at 943–44 (finding combination of statute at issue, which "expressly authorize[d] enforcement of the statute by district attorneys and city attorneys," and "Attorney General's [general] duty to prosecute as a district attorney establishe[d] sufficient enforcement power for *Ex Parte Young*"); *Coal. to Defend Affirmative Action*, 674 F.3d at 1132–35 (affirming denial of Eleventh Amendment immunity to President of University of California because he was "duty-bound" to enforce challenged statute, which precluded "using race as a criterion in admission decisions"); *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 842, 847 (9th Cir. 2002) (affirming denial of Eleventh Amendment immunity to state official with "direct authority over and principal responsibility for enforcing Proposition 4," a law "to protect wildlife and domestic pets"), *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002).

Moreover, the First Amended Complaint does not plausibly allege any direct connection between the state official defendants and the placement of a section 5250 hold itself. Instead, the First Amended Complaint alleges only that the Attorney General "oversees and is responsible for all employees working for the California Department of Justice." FAC ¶ 5. Such a generalized supervisory duty over DOJ employees who are not responsible for making section 5250 determinations does not subject the Attorney General to suit here. *See, e.g.*, *Long v.*

*Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) (doubting that "general supervisory powers of the California Attorney General are sufficient to establish the connection with enforcement required by *Ex parte Young*"); *S. Pac. Transp. Co. v. Brown*, 651 F.2d 613, 614 (9th Cir. 1980) (holding Oregon attorney general, who had supervisory power to "consult with, advise, and direct the district attorneys," had an insufficient connection to challenged statute, because his advice to prosecutors that statute was unconstitutional could not bind them and he could not bring prosecution on his own); *cf. L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 714 F.2d 946, 953 (9th Cir. 1983) (concluding plaintiff had not established requisite connection between California Governor and alleged creation and maintenance of unconstitutionally segregated school system because "California law does not allocate to the Governor a role in combating racial school segregation, although he does have a constitutional duty to see that the laws of the state are faithfully executed").

Regarding defendant Orick, the First Amended Complaint similarly alleges he "is responsible for various operations of the Bureau of Firearms including the Mental Health Unit which is responsible for intaking information regarding sections 5150 and 5250 holds, then relating pertinent information to related federal/national databases such as the [NICS]." FAC ¶ 6. As with the Attorney General, Orick's status as a supervisor of DOJ employees who are not tasked with creating the section 5250 hold in the first instance does not subject him to suit.

The fact that information on section 5250 holds goes through the DOJ on its way to the NICS also does not establish a sufficient connection to deny Eleventh Amendment immunity to Becerra and Orick. While the DOJ receives information regarding section 5250 holds from mental health facilities and transmits this information to the federal background check system, the DOJ serves only as a conduit for the information and does not make the actual section 5250 determination itself. Therefore, the DOJ's involvement in the section 5250 process does not rise to the level sufficient to abrogate Eleventh Amendment immunity.

Accordingly, because the First Amended Complaint contains no factual allegations from which the court could plausibly conclude defendants Becerra or Orick have a "fairly direct" connection with the section 5250 determination process, the Eleventh Amendment bars plaintiff's

1  claims against them.  Because the court has determined it lacks subject matter jurisdiction to hear
2  plaintiff's claims against the state defendants under the Eleventh Amendment, it does not reach
3  the merits of any of the other arguments for dismissal.

   B. <u>Leave to Amend</u>

Federal Rule of Civil Procedure 15(a)(2) states, "[t]he court should freely give leave [to amend pleadings] when justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments," *Ascon Props. Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [to grant or deny leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  However, "the liberality in granting leave to amend is subject to several limitations." *Ascon Props.*, 866 F.2d at 1160 (citing *Leighton*, 833 F.2d at 186).  "Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Id.*  In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Id.* at 1161 (alteration in original) (quoting *Leighton*, 833 F.2d at 186 n.3).

Here, as explained above, plaintiff's First Amended Complaint does not allege a sufficiently direct connection between defendants Becerra and Orick and the challenged state action to avoid the Eleventh Amendment bar to suit under the *Ex parte Young* doctrine.  Because this is the first time the court has reviewed plaintiff's pleadings, however, the court grants plaintiff leave to amend her complaint to clarify the alleged connection between the state official defendants and the section 5250 hold, if she is able to amend while complying fully with Federal Rule of Civil Procedure 11.

The Eleventh Amendment, however, plainly bars all of plaintiff's claims against the DOJ.  *See Pennhurst*, 465 U.S. at 100.  Further, plaintiff cannot obtain a federal writ of mandamus compelling California DOJ officials to take or refrain from taking action, *Demos v.*

*U.S. Dist. Court*, 925 F.2d 1160, 1161–62 (9th Cir. 1991), and the court thus will not exercise supplemental jurisdiction over a California writ of mandate claim, *see, e.g.*, *Hill v. Cty. of Sacramento*, 466 F. App'x 577, 579 (9th Cir. 2012) ("The district court also correctly rejected [plaintiff's] claim for a writ of mandate under Cal. Civ. Proc. Code § 1085 . . . . [Section] 1085 authorizes only state courts to issue writs of mandate."). Therefore, the court denies plaintiff leave to amend as to the DOJ as a party and her third cause of action for a writ of mandate.

IV. CONCLUSION

For the foregoing reasons, the court GRANTS the state defendants' motion to dismiss plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The court grants plaintiff leave to amend only to the extent consistent with this order.

IT IS SO ORDERED.

DATED: June 27, 2019.

UNITED STATES DISTRICT JUDGE