UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


SHAFAK PERVEZ,                                  No.  2:18-cv-02793-KJM-KJN

               Plaintiff,

     v.                                      ORDER

SACRAMENTO COUNTY,                             (ECF No. 33)

               Defendant.


       Defendant, County of Sacramento, brings this motion seeking to compel plaintiff to

provide an authorization for court records, answers to requests for admission, and answers to

interrogatories.  (ECF No. 33.)  Having considered the parties' joint statement, arguments at the

hearing on this matter, and the relevant law, the court GRANTS defendant's motion, but with the

clarifications and modifications mentioned below.

I.      BACKGROUND

       The underlying dispute concerns plaintiff being prevented from purchasing a firearm in

2017 due to her being committed to a mental health institution in 2000.  (ECF No. 1 ¶ 17.)  A

central issue in plaintiff's complaint, and most of the disputed discovery, is whether plaintiff was

committed voluntarily or involuntarily.  Plaintiff also alleges that while she was admitted to a

mental health institution, she never received the procedural safeguards—notice and a certification

review hearing—while at the institution.  Plaintiff asserts this failure amounted to a deprivation of

due process and her institutionalization, therefore cannot be a used as a predicate to deprive her of her Second Amendment Rights.

Plaintiff filed the present suit on October 17, 2018. After the court granted several state defendants' motion to dismiss (ECF No. 27), the action proceeded solely against defendant Sacramento County. Defendant now seeks to compel several discovery responses related to plaintiff's mental health, her providers, and her allegations. (See ECF Nos. 33, 34.)

## II. RELEVANT STATUTORY SCHEME AND LEGAL STANDARD

The California Lanterman-Petris-Short Act, California Welfare & Institution Code §§ 5000 et seq., established a statutory scheme providing for the involuntary civil commitment of individuals with mental health disorders. See id. § 5001. Section 5150 provides for a person, upon a finding of probable cause, to be placed in an involuntary seventy-two-hour hold in a psychiatric facility for evaluation and treatment when that person is determined to be a danger to herself or others, or is gravely disabled, due to a mental health disorder. Id. § 5150. Under section 5250(a), a person detained for seventy-two hours under Section 5150 may be detained for up to fourteen additional days if the staff of the facility evaluates the person's condition and finds the person "is, as a result of a mental disorder . . . , a danger to others, or to himself or herself, or gravely disabled." Section 5150(i)(1) requires the treating facility to notify the committed person of the right to an attorney and a hearing before a judge if the facility decides to hold the committed person longer than seventy-two hours.

California Welfare & Institutions Code Section 8103(g)(1) bars a person certified for intensive treatment under Section 5250 from owning, possessing, controlling, receiving or purchasing, or attempting to own, possess, control, receive or purchase, any firearm for five years after the person's release from a mental health facility. A person committed under Section 5250, however, may request a hearing to lift the prohibition, and may own, possess, control, receive, or purchase any firearm if a court finds the State of California has not shown by a preponderance of the evidence that the person would not be likely to use firearms in a safe and lawful manner. Id. § 8103(g)(1), (4). Although Section 8103 on its face provides for only a five-year firearm prohibition on persons subject to a Section 5250 hold, it creates in effect a lifetime firearm

prohibition under federal law because of Section 5250's procedural safeguards and DOJ reporting requirements. See 18 U.S.C. § 922(g)(4) (imposing a lifetime firearm ban on any person "who has been adjudicated as a mental defective" or "committed to a mental institution").[1] California law directs the State Department of Hospitals to make records of Section 5250 determinations available to the DOJ. Cal. Welf. & Inst. Code § 8104.

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Such "motion may be made if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

III.    DISCUSSION

A.    SACRAMENTO COUNTY SUPERIOR COURT RECORDS

Defendant first argues that plaintiff should be compelled to sign an authorization permitting defendant to obtain potential court records regarding plaintiff's September 2000 treatment. Plaintiff responds that the authorization defendant provided would require her to admit that there was in fact a court hearing on her mental competency in September 2000, an issue she vehemently disputes in this litigation. While the court is skeptical that plaintiff signing defendant's authorization would be equivalent to a judicial admission, defendant is instructed to modify paragraph three of the authorization defendant provided plaintiff to include the bolded language: "While it is my understanding that the Sacramento County Superior Court files for one

---

[1] 27 C.F.R. § 478.11(d) defines "committed to a mental institution" as "[a] formal commitment of a person to a mental institution by a court, board, commission, or other lawful authority. *The term includes a commitment to a mental institution involuntarily. . . . The term does not include a person in a mental institution for observation or a voluntary admission to a mental institution*." (emphasis added).

3

1  or more Sacramento County Superior Court proceedings involving me, **if any,** in or around the

2  year 2000 may have been purged. . . ."

3       The court finds that the documents that would potentially be released from this

4  authorization are relevant and discoverable, and therefore orders plaintiff to sign and notarize the

5  authorization plaintiff previously received from defendant, as modified above, by February 21,

6  2020.

7       Additionally, as discussed at the hearing on this matter, plaintiff is to submit a records

8  request to the Family Relations Courthouse defendant names in the parties' joint statement, with

9  the authorization mentioned above.  The parties are also instructed to go to the courthouse

10  together and retrieve the records if necessary.

11       B.       REQUESTS FOR ADMISSION 10, 11, 12, 13, 32, AND 37

12            1.  Requests 10-13

13

14  REQUEST FOR ADMISSION NO. 10:
    Admit that YOU were hospitalized at Sutter Center for Psychiatry from July 2000 to
15  September 2000.
    **Response:**
16  **Objection: This discovery request is vague and overbroad as to time. Responding**
    **party cannot admit or deny until propounding party provide specific dates to admit**
17  **or deny the fact. Responding party also objects to the term "hospitalized" being**
    **vague.**
18

19  REQUEST FOR ADMISSION NO. 11:
    Admit that YOU received mental health treatment at Sutter Center for Psychiatry from
20  July 2000 to September 2000.
    **Response:**
21  **Objection: This discovery request is vague and overbroad as to time. Responding**
    **party cannot admit or deny until propounding party provide specific dates to admit**
22  **or deny the fact.**

23
    REQUEST FOR ADMISSION NO. 12:
24  Admit that YOU received eletroconvulsive therapy for YOUR mental health condition
    while hospitalized at Sutter Center for Psychiatry from July 2000 to September 2000.
25  **Response:**
    **Objection: This discovery request is vague and overbroad as to time. Responding**
26  **party cannot admit or deny until propounding party provide specific dates to admit**
    **or deny the fact. Responding party also objects to the term "hospitalized" being**
27  **vague. Responding party also object to this request as it is compound and**
    **conjunctive.**
28

4

1

REQUEST FOR ADMISSION NO. 13:

2

Admit that YOU experienced memory problems after YOUR mental health treatment at Sutter Center for Psychiatry from July 2000 to September 2000.

3

**Response:**

**Objection: This discovery request is vague and overbroad as to time. Responding**

4

**party cannot admit or deny until propounding party provide specific dates to admit**
**or deny the fact. Responding party also objects to the term "problem" as it is not**

5

**clearly defined. Each of Plaintiff's responses indicate that the time frame is "vague"**
**and overbroad."**

6

7

Plaintiff takes issue with the term "memory problems" in request 13.  At the hearing on this

8

matter, plaintiff agreed to admit that her doctor stated she was dealing with a memory problem.

9

Accordingly, plaintiff is instructed to respond to this request with that stipulation.  Regarding

10

requests 10, 11, and 12, plaintiff is ordered to respond within the time allowed below.

11

       2.  Requests 32 and 37

12

13

REQUEST FOR ADMISSION NO. 32:

Admit that YOU attended a certification hearing under California Welfare & Institutions

14

Code Section 5250 in a conference room at SCMHTC during YOUR stay at SCMHTC from 9/15/00 to 9/21/00.

15

**Response: Objection: This discovery request is vague, ambiguous, and unintelligible**

16

**so as to make a response because nowhere in California Welfare & Institutions Code**
**Section 5250 does it mention a "certification hearing."**

17

18

REQUEST FOR ADMISSION NO. 37:

Admit that YOU received notice of a hearing under California Welfare & Institutions

19

Code Section 5250 during YOUR stay at SCMHTC from 9/15/00 to 9/21/00.

**Response:**

20

**Objection: This discovery request is vague, ambiguous, and unintelligible so as to**

21

**make a response because nowhere in California Welfare & Institutions Code Section**
**5250 does it mention a "notice of a hearing."**

22

Plaintiff agrees to respond with the provision of including Section 5250 "et seq."  Plaintiff is to

23

respond to these requests with that clarification within the time allowed below.

24

    C.     INTERROGATORIES 2, 5, 9, 10, 11, 14, 15, 16, 17, AND 19

25

       1. Interrogatories 2, 5, 9, 10, and 11

26

27

INTERROGATORY NO. 2: Identify all PERSONS (including name, ADDRESS, and telephone number) with knowledge of the facts set forth in YOUR response to

28

Interrogatory No. 1

5

**Response:**

**Objection: Responding party objects to this discovery request as it is vague and oppressive as it requires responding party to "Identify all PERSONS". Not waiving said objection, responding party will answer this interrogatory limited to her knowledge of facts. Responding party also objects to this Interrogatory as it violates third parties' right of privacy. Responding party will only provide the names of public individuals.**

**Xavier Becerra, Attorney General**

**Shafak Pervez, Reach through Counsel**

**Betty Gamez, MRT; 2150 Stockton Blvd., Sacramento, CA 95817; 916-875-1000**

INTERROGATORY NO. 5:

Identify all PERSONS (including name, ADDRESS, and telephone number) with knowledge of the facts set forth in YOUR response to Interrogatory No. 4.

**Response:**

**Objection: Responding party objects to this discovery request as it is vague and oppressive as it requires responding party to "Identify all PERSONS". Not waiving said objection, responding party will answer this interrogatory limited to her knowledge of facts presently known. Responding party further objects that this discovery request violates third parties' right of privacy and will only disclose the names of those who are listed on documents related to medical records or employees working for government agencies. Responding party is unaware of the names and contact information of individuals responsive to this discovery request.**

INTERROGATORY NO. 9:

Identify all PERSONS (including name, ADDRESS, and telephone number) who had any COMMUNICATION with YOU relating to YOUR mental health condition(s), including but not limited to friends and family members, between the date of YOUR discharge from Sutter Center for Psychiatry in September 2000 and YOUR stay at SCMHTC in September 2000.

Response:

**Xyz**

INTERROGATORY NO. 10:

Identify all PERSONS (including name, ADDRESS, and telephone number), including but not limited to friends and family members, with knowledge regarding YOUR stay at SCMHTC from September 15, 2000 to September 21, 2000.

**Response:**

**Objection: Responding party objects to this discovery request as it is vague and oppressive as it requires responding party to "Identify all PERSONS". Not waiving said objection, responding party will answer this interrogatory limited to her knowledge of facts presently known. Responding party further objects that this discovery request violates third parties' right of privacy and will only disclose the names of those who are listed on documents related to medical records or employees working for government agencies. Responding party elects to produce documents in response to this discovery request. Please see PERVEZ_05144-0520; 0526-0545.**

INTERROGATORY NO. 11:
Identify all PERSONS (including name, ADDRESS, and telephone number) who were living in YOUR household at the time YOUR stay at SCMHTC began on September 15, 2000.
**Response:**
**Objection: Responding party objects to this discovery request as it is vague and oppressive as it requires responding party to "Identify all PERSONS". Not waiving said objection, responding party will answer this interrogatory limited to her knowledge of facts presently known. Responding party further objects that this discovery request violates third parties' right of privacy and will only disclose the names of those who are listed on documents related to medical records or employees working for government agencies.**

Plaintiff's rationale of protecting third-parties' privacy rights is directly contradicted by Federal Rule of Civil Procedure 26, which requires initial disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information." Fed R. Civ. P 26(a)(1)(A)(i). The generic information outlined in Rule 26 is all that defendant is requesting in the present case. Additionally, cases involving third-party privacy rights generally deal with much more intimate information. See Lakes v. Bath & Body Works LLC, No. 2:16-CV-2989 MCE GGH, 2018 WL 1071335, at *4 (E.D. Cal. Feb. 23, 2018) (requiring a protective order before personal information such as Social Security number, medical records, financial records are disclosed); see also Hutton v. City of Martinez, 219 F.R.D. 164, 167 (N.D. Cal. 2003) (production of medical records and workers' compensation files under protective order adequately safeguarded privacy concerns). The concern of disclosing intimate personal information is not present with these interrogatories.

Plaintiff's argument that these requests are irrelevant is unavailing. Plaintiff's claim is, at least in part, premised on her mental health treatment being voluntary, not involuntary. These interrogatories are sufficiently tailored to seek information germane to that inquiry. Accordingly, plaintiff is ordered to respond to these interrogatories within the time allowed below.

3. Interrogatories 14 and 15

INTERROGATORY NO. 14:
STATE ALL FACTS that support YOUR contention that the COUNTY OF SACRAMENTO unjustifiably and erroneously operated a firearm prohibition reporting

7

system as alleged in paragraph 66 of the COMPLAINT.
**Response:**
**Objection: This discovery request is cumulative, unduly burdensome and oppressive as propounding party's Interrogatory No. 1 covers the same information to be discovered in this request.**

INTERROGATORY NO. 15:
STATE ALL FACTS that support YOUR contention that the COUNTY OF SACRAMENTO unjustifiably and unreasonably failed to operate a firearm prohibition reporting system that maintained thorough and clear documentation to substantiate any record that would lead to a prohibition of a citizen's constitutional right to own, posses, or purchase a firearm as alleged in paragraph 67 of the COMPLAINT.
**Response:**
**Objection: This discovery request is cumulative, unduly burdensome and oppressive as propounding party's Interrogatory No. 1 covers the same information to be discovered in this request.**

Plaintiff is ordered to respond to these interrogatories. If plaintiff believes that her prior response has effectively responded to these interrogatories, she is free to assert the same.

### 4. Interrogatories 16 and 17

INTERROGATORY NO. 16:
Do YOU contend that YOU were not hospitalized for a mental health condition under California Welfare & Institutions Code Section 5250 by the COUNTY OF SACRAMENTO in September 2000?
**Response:**
**Objection: This discovery request is vague, ambiguous, and unintelligible so as to make a response impossible without speculation as the meaning of the question. A review of California Welfare & Institutions Code Section 5250 provides that the term "hospitalized" is never used. Plaintiff is unable to respond this discovery request.**

INTERROGATORY NO. 17:
If YOUR answer to Interrogatory No. 16 is in the affirmative, STATE ALL FACTS that support YOUR contention that YOU were not hospitalized for a mental health condition under California Welfare & Institutions Code Section 5250 by the COUNTY OF SACRAMENTO in September 2000.
**Response:**
**N/A**

The parties informed the court that they have reached an agreement regarding these interrogatories, and therefore the court does not address them here.

5. Interrogatory 19

INTERROGATORY NO. 19:
Identify all PERSONS (including name, ADDRESS, and telephone number) who provided mental health treatment and/or evaluation for YOUR mental health condition(s) between January 1, 2000 and July 22, 2000.
**Response:**
**Objection: Responding party objects to this discovery request as it is not proportional to the needs of this case because the information request is not important to the present action. Propounding party has been provided with documentation that the 5250 hold stemmed from its mental health facility in September of 2000. The case is alleging causes of action stemmed in procedural and substantive due process rights considerations. Attenuated medical records have no impact on the outcome of this case and requesting responding party to expend resources is improper for such evidentiary fishing expeditions.**

As discussed in section III(C)(1) above, this information is relevant to plaintiff's claim, and is therefore discoverable. Plaintiff is ordered to respond to this interrogatory within the time allowed below.

IV. CONCLUSION

Accordingly, it is HEREBEY ORDERED that defendant's motion to compel is GRANTED with the conditions and clarifications mentioned above. Consistent with this order, plaintiff shall respond to defendant's request for admissions, interrogatories, and provide defendant a signed and notarized authorization by February 21, 2020. The parties are additionally ordered to jointly seek plaintiff's records, via the authorization, as outlined above.

IT IS SO ORDERED

Dated: February 13, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

.2793.pere