KELLAN S. PATTERSON, ESQ. SB No. 307190
**Law Office of Kellan Patterson**
770 L Street, Suite 950
Sacramento, CA  95814
P: (916) 905-4464
F: (916) 721-2742
E: info@kellanpatterson.com

Attorney for Plaintiff SHAFAK PERVEZ

**RIVERA HEWITT PAUL LLP**

11341 Gold Express Drive, Suite 160
Gold River, California 95670

Tel: 916-922-1200 | Fax: 916 922-1303

Shanan L. Hewitt, SBN 200168
Email: shewitt@rhplawyers.com

Attorneys for Defendant
COUNTY OF SACRAMENTO

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAFAK PERVEZ, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>XAVIER BACERRA, in his official capacity, BRENT E. ORICK, in his official capacity, CALIFORNIA DEPARTMENT OF JUSTICE, COUNTY OF SACRAMENTO,<br><br>　　　　　Defendants. | Case No.: 2:18-cv-002793-KJM-KJN<br><br>**STIPULATION TO EXTEND DISCOVERY CUT-OFF DATES AND ORDER** |

### **INTRODUCTION**

　　The parties, Plaintiff Shafak Pervez ("Plaintiff") and Defendant County of Sacramento ("Defendant"), through their respective attorneys of record, hereby jointly stipulate to an extension of the current scheduling order deadlines as set forth below.

1

**RECITAL/GROUNDS FOR RELIEF**

Pursuant to Rule 16, a party may seek modification of a scheduling order, including modification of a discovery cut-off date, "only for good cause and with a judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s good cause inquiry focuses primarily on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). However, the court has "broad discretion in supervising the pretrial phase of litigation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). A party may establish good cause by showing: (1) the [the parties were] diligent in assisting the court in creating a workable Rule 16 order; (2) that [the parties'] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [their] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [they were] diligent in seeking amendment of the Rule 16 order, once it because apparent that [they] could not comply with the order. *Hood v. Hartford Life & Accident Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (citations omitted).

The parties stipulate and have agreed to extend the non-expert discovery deadline as follows:

(1) Due to the COVID-19 pandemic and shelter-in-place orders, the parties have had difficulty setting depositions for the remaining witnesses, who consist primarily of health care professionals and superior court personnel: Dr. Lloyd Benjamin, Dr. John Luo, Gretchen Blake, LCSW, David Boggs, LCSW, Andrea Konstad, Jerry Wong, Dr. Natalie Stamper, Betty Gamez, Julie Setzer, and Sacramento County Superior Court personnel related to superior court records disclosed on February 13, 2020.  Further, the parties have been informed that one of the witnesses, Julie Setzer, has been on extended medical leave and still has no set return to work date in order to submit to a deposition.  Counsel for Defendant County of Sacramento has also been informed that the Kaiser mental health professional Gretchen Blake, LCSW, whose deposition was previously set rescheduled several occasions due to scheduling conflicts, is not currently setting any depositions in

light of the COVID-19 outbreak and instead focusing on patient care.  Dr. John Luo, another witness sought to be deposed by Plaintiff, is currently an emergency room psychiatrist who continues to actively treat patients during this pandemic. One witness is now recovering after being sick for three weeks, and several of the witnesses sought to be deposed by Plaintiff are over the age of 60, at higher risk for the COVID-19 virus.

(2) Under the current circumstances, the parties respectfully request that the scheduling order dates be continued to permit the parties to complete non-expert discovery, followed by expert disclosure with dispositive motion hearing deadline to follow in the sequence originally contemplated by the Court's scheduling order in this case.

(3) On March 5, 2020, the parties filed one (1) extension of time request (Doc. 37) to extend the deadline to complete the remaining depositions for non-expert discovery to April 23, 2020 except for witness Julie Setzer who was to be deposed on or before May 8, 2020; the request was granted by the Court on March 10, 2020 (Doc. 40).

ACCORDINGLY, THE PARTIES STIPULATE AND AGREE TO THE FOLLOWING:

1. To extend the current non-expert discovery cut-off deadline of April 23, 2020 for depositions of the above-named witnesses and May 8, 2020 for the deposition of Julie Setzer to June 4, 2020.
2. To extend the current expert disclosure deadline of April 10, 2020 to June 26, 2020.
3. To extend the current expert disclosure rebuttal deadline of May 1, 2020 to July 17, 2020.
4. To extend the current deadline of June 19, 2020 to complete all expert discovery to August 21, 2020.
5. To extend the current deadline of September 18, 2020 for dispositive motions to be heard to December 18, 2020.

///

///

///

**SO STIPULATED.**

Dated: April 9, 2020             **LAW OFFICE OF KELLAN PATTERSON**

                                 */s/ Kellan Patterson*
                                 Kellan Patterson
                                 Attorney for SHAFAK PERVEZ

Dated: April 9, 2020             **RIVERA HEWITT PAUL LLP**

                                 */s/ Shanan Hewitt*
                                 Shanan Hewitt
                                 Attorney for COUNTY OF SACRAMENTO

## ORDER

The Court does find good cause to modify and extend the scheduling order in light of the recitals stipulated above and so orders as follows:

1. The current non-expert discovery cut-off deadline for depositions of the above-named witnesses is extended to June 4, 2020.
2. The current expert disclosure deadline of April 10, 2020 is extended to June 26, 2020.
3. The current expert disclosure rebuttal deadline of May 1, 2020 is extended to July 17, 2020.
4. The current deadline of June 19, 2020 to complete all expert discovery is extended to August 21, 2020.
5. The current deadline of September 18, 2020 for dispositive motions to be heard is extended to December 11, 2020.

**IT IS SO ORDERED.**

DATED: April 17, 2020.

                                 CHIEF UNITED STATES DISTRICT JUDGE